UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20143-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WENDY VALCOURT,

    Defendant.
_____/

### ORDER ON APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PRETRIAL DETENTION

**THIS CAUSE** is before the Court upon Plaintiff United States of America's ("Government") Appeal of the Magistrate Judge's Order Denying Motion for Pretrial Detention ("Appeal"), ECF No. [48]. Defendant Wendy Valcourt ("Valcourt") filed a Response in Opposition, ("Response"), ECF No. [54]. The Court has carefully reviewed the Appeal, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Court affirms Magistrate Judge Enjolique A. Lett's Order denying the Government's Motion for Pretrial Detention.

**I.  BACKGROUND**

An indictment filed in the Southern District of Florida charges Valcourt with Conspiracy to Possess with Intent to Distribute a Controlled Substance (Count I); Possession with Intent to Distribute a Controlled Substance (Count II); Maintaining a Drug-Involved Premises (Count III); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count IV). ECF No. [12]. On April 17, 2025, Magistrate Judge Lett presided over Valcourt's detention hearing. The Government relied on the facts that were set forth in the Government's Motion for Pretrial

Detention ("Motion"), ECF No. [37], as well as additional information presented at the hearing. Federal Bureau of Investigation ("FBI") Special Agent Emily Disney adopted the Government's proffer as her direct testimony and was subject to cross-examination.

**A. The Government's Motion for Pretrial Detention**

The Motion asserts that from on or about October 27, 2021, and continuing through on or about November 22, 2021, Valcourt and his co-conspirators were engaged in a conspiracy to possess controlled substances with the intent to distribute and maintained a drug-involved premises. ECF No. [37] at 1. A search warrant executed on the premises revealed multiple firearms, a dry erase board that listed prices for different narcotics, a plastic bag with four Percocet painkillers, multiple scales, empty heat seal bags, a heat sealer, and a large quantity of empty zip bags. *Id.* at 1-2. Subsequently, law enforcement obtained a federal search warrant for video and audio footage from Ring cameras located at the residence. *Id.* at 2. As it relates to Valcourt specifically, the Government contends that the Ring camera footage shows Valcourt and a co-conspirator retrieved what appeared to be firearms after being alerted to something on the security system. *Id.* On a different day during the period charged in the Indictment, the Ring camera footage shows Valcourt picking up what appeared to be a handgun and concealing it under his arm before an unknown apparent customer entered the residence. *Id.* at 2-3.

On April 8, 2025, Valcourt was arrested in connection with the Indictment while meeting with his state probation officer. *Id.* at 3. Valcourt was given the opportunity to make a phone call while he was in the FBI interview room using a speaker phone. *Id.* Valcourt called an individual, M.L., and speaking Haitian Creole, instructed M.L. to go to Valcourt's apartment, remove a firearm from a drawer, retrieve money from a basket in a closet with dirty clothes, and retrieve an iPhone with a cracked screen and an iPad. *Id.* Valcourt also told M.L. to wipe his iCloud account. *Id.* While on the phone with Valcourt, M.L. informed Valcourt that he had arrived at the apartment

and was looking for the items. *Id.* Shortly thereafter, M.L. was heard telling Valcourt that the police were outside, to which Valcourt responded, "break everything." *Id.* When law enforcement arrived at the apartment, they heard various sounds coming from inside the apartment that sounded like things were being broken. *Id.* Pursuant to a state search warrant for Valcourt's apartment, law enforcement located six empty gun boxes, numerous rounds of ammunition, $70,000 in cash, $30,680 in money orders, eight cell phones, two laptops, and one tablet. *Id.* at 5-6. Before concluding its proffer, the Government read portions of the arrest affidavit from Valcourt's state probation case. *Id.*

### B. Valcourt's Response

Valcourt contended at the hearing that he had lived with an ex-girlfriend who was a corrections officer, and that the gun boxes belonged to her. ECF No. [48] at 7. Further, Valcourt emphasized that the court should not give the Ring camera footage much weight because the footage was from 2021, which, at the time, Valcourt was not a convicted felon, and therefore, he was permitted to have a firearm. *Id.* Valcourt also stated that a firearm was never recovered from his apartment. *Id.* at 7-8.

### C. Pretrial Services Report

The Pretrial Services Report provided a summary of Valcourt's background, as well as a recommendation. ECF No. [48] at 8. Valcourt's criminal history consists of traffic infractions, but also reflects four bench warrants for driving while license suspended. *Id.* Valcourt was charged with, and plead guilty to, fleeing and eluding a police officer, openly carrying a weapon, two counts of aggravated assault on a law enforcement officer, driving while license suspended habitual, and possession of a controlled substance. *Id.* at 8-9. Valcourt has had one probation violation in that case. *Id.* at 9.

The Pretrial Services Officer noted that Valcourt poses a risk of nonappearance based on the offense charged, Valcourt's unemployment, criminal activity while under supervision, and the fact that Valcourt is still on state probation. *Id.* The Pretrial Services Officer further noted that Valcourt poses a risk of danger due to the nature of the instant offense, prior arrests and convictions involving illegal substances and violence, pattern of similar criminal activity history, and the fact that Valcourt is currently on state probation. *Id.* The Pretrial Services Officer recommended that Valcourt be given a percentage bond co-signed by a family member, and participate in location monitoring and home detention, with several special conditions. *Id.*

### D.  Magistrate Judge Lett's Order on Pretrial Detention

Magistrate Judge Lett denied the Government's Motion for Pretrial Detention. ECF No. [51]. First, considering the factors established under 18 U.S.C. § 3142(g), the Magistrate Judge concluded that the Government failed to show by clear and convincing evidence that no condition or combination of conditions will ensure the safety of any other person or the community. *Id.* at 6. Magistrate Judge Lett did conclude, however, that the Government satisfied its burden to show that Valcourt poses a risk of obstruction of justice. *Id.* at 7-8. Further, the Magistrate Judge concluded that Valcourt poses a risk of nonappearance. *Id.* at 8. Thus, Magistrate Judge Lett next considered, and found, that there is a combination of conditions that would mitigate the risk of Valcourt's danger to the community, nonappearance, and obstruction of justice. At the request of the Government, Magistrate Judge Lett agreed to stay the proceedings through Monday, April 21, 2025, to allow for the filing of an appeal of the order.

## II.  LEGAL STANDARD

The Eleventh Circuit has determined that in reviewing an appeal of a magistrate judge's detention order, the district court must undertake a *de novo* review of the factual posture of the case. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (citing *United States v. Hurtado*, 779

F.2d 1467, 1480 (11th Cir. 1985)). In *King*, the Eleventh Circuit explained that the district court has two options when reviewing the magistrate's judge's pretrial detention order. *Id.* at 490. First, "on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *Id.* The court may then explicitly adopt the magistrate's pretrial detention order, which would obviate the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention. *See id.* Alternatively, after reviewing the detainee's motion, if the district court "determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." *Id.* In this instance, the district court must enter written factual findings and written reasons supporting its decision. *See id.* If the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, "the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." *Id.* at 490-91.

According to 18 U.S.C. § 3142(g), in determining whether there are conditions of release that will reasonably assure the appearance of a person as required and the safety of any other person and the community, the court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal

> history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Eleventh Circuit has determined that the Government must prove risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence. *See United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990). To detain an individual based on risk of obstruction, the Government must establish by preponderance of the evidence that no condition or combination of conditions will reasonably assure that a defendant will not obstruct or attempt to obstruct justice.

## III.   DISCUSSION

### A.  Rebuttable Presumption of Detention

Magistrate Judge Lett found, and the Court agrees, that the charges outlined in the Indictment give rise to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). However, the presumption can be overcome where the Defendant "comes forward with evidence to meet his burden of production—that is, evidence to suggest that he either is not dangerous or not likely to flee if turned loose on bail." *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). The rebuttable presumption "only shifts the burden of production to the defendant, the burden of persuasion—proving by clear and convincing evidence that no combination of conditions will ensure the safety of community—remains with the government." *United States v. Veres*, No. 3:20-cr-18-J-32JBT, 2020 WL 1042051, at *2 (S.D. Fla. March 4,

2020). Thus, the Court must next decide whether the Government established by clear and convincing evidence that Valcourt is a danger to the community, and whether by a preponderance of the evidence, Valcourt poses a risk of obstruction of justice.

**B.  Danger to the Community and Risk of Obstruction**

The Magistrate Judge found that the Government failed to show by clear and convincing evidence that no condition or combination of conditions will ensure the safety of any other person in the community. Magistrate Judge Lett relied on the fact that the Ring camera footage was from 2021, during which time Valcourt was not a convicted felon, and was therefore permitted to have a firearm. ECF No. [51] at 6-7. Further, the Magistrate Judge concluded that Valcourt's criminal record did not demonstrate that he has a propensity to act violently because his criminal history mainly consists of traffic infractions. *Id.* at 7. Nevertheless, as it relates to obstruction of justice, Magistrate Judge Lett found that the Government met its burden by proffering facts showing that Valcourt, while in FBI custody, brazenly instructed someone to enter his apartment, remove specific items, and wipe his iCloud account clean. *Id.* at 7-8.

The Government argues that clear and convincing evidence exists to support a finding that Valcourt is a danger to the community. ECF No. [48] at 12. The Government emphasizes that Valcourt is a twice convicted felon and currently on state probation. *Id.* Further, the Government argues that what is most compelling is that Valcourt directed another to go to his apartment and destroy potential evidence. *Id.* The Government contends that the weight of this evidence is strong that Valcourt and his co-conspirators engaging in armed drug sales. *Id.* at 13. Valcourt responds that in 2021, when the Ring camera footage was taken, Valcourt was not a convicted felon. ECF No. [54] at 2. Valcourt further emphasizes that, despite the Government's insinuation to the contrary, M.L. never said he found a gun or that he destroyed it – and no guns or drugs were recovered from Valcourt's apartment. *Id.* at 3.

7

The Court finds that the Government has failed to prove by clear and convincing evidence that no condition of release will reasonably ensure the safety of the community. As Magistrate Judge Lett highlights, no firearms were recovered when law enforcement executed the search on Valcourt's home. The Court cannot solely rely on the Ring camera footage to support a finding of danger to the community, when the footage does not show Valcourt flashing or pointing his gun at another, and, in 2021, Valcourt was permitted to have a firearm. Nevertheless, the Court agrees that the Government met its burden to show that Valcourt poses a risk that he will obstruct, or attempt to obstruct, justice. Valcourt provided no rebuttal evidence to negate the Government's assertion that Valcourt made the call to destroy evidence in his apartment.

### C. Risk of Nonappearance

Magistrate Judge Lett concluded that Valcourt poses a risk of nonappearance. ECF No. [51] at 8. For further support, the Government sets forth Valcourt's history of failing to appear to court proceedings, warrants issued for his arrest, and violations of bond and probation. ECF No. [48] at 12. Valcourt does not address this issue in his Response, but at the hearing, proffered that despite his bond violations, he always appeared to court, and is a lifelong resident of Miami-Dade County. The Court agrees that Valcourt poses a risk for nonappearance considering the history of failing to appear in his state court criminal cases, which resulted in several bond violations. Thus, the Court must determine whether there is a condition or combination of conditions that will mitigate Valcourt's risk of nonappearance.

### D. Conditions to Mitigate the Risk

Magistrate Judge Lett found that there is a combination of conditions that would mitigate the risk of Valcourt's nonappearance and obstruction of justice. ECF No. [51] at 8. Magistrate Judge Lett stated that she relied heavily on the Pretrial Service Report, which recommended a bond, in determining what combination of conditions would reasonably mitigate the risks. *Id.* at

8-9. Further, Magistrate Judge Lett took into consideration that Valcourt's father has recently been diagnosed with cancer and will be starting treatment soon. *Id.* at 10. Therefore, any violation of the bond conditions may have a significant financial impact on Valcourt and his family, which serves as a strong incentive for adherence. *Id.* at 9. Magistrate Judge Lett imposed the following special conditions:

1. To mitigate Mr. Valcourt's risk of engaging in the same or similar criminal activity, Mr. Valcourt will be required to be on home detention in his father's home;

2. To mitigate any risk of flight or nonappearance, Mr. Valcourt will be required to submit to GPS location services;

3. To mitigation any risk of obstruction of justice, Mr. Valcourt is required to avoid all contact with any victims, witnesses, or co-defendants related to the charged crimes, except through counsel;

4. To mitigate any risk of flight or nonappearance and any risk of engaging in the same or similar criminal activity, Mr. Valcourt must report to Pretrial Services as directed;

5. To mitigate any risk of flight or nonappearance, Mr. Valcourt must surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

6. To mitigate Mr. Valcourt's risk of engaging in the same or similar criminal activity and any risk of flight or nonappearance, Mr. Valcourt must submit to substance abuse testing and treatment;

7. To mitigate Mr. Valcourt's risk of engaging in the same or similar criminal activity, Mr. Valcourt must refrain from possessing a firearm, destructive device or other dangerous weapons;

8. To mitigate any risk of flight or nonappearance, Mr. Valcourt must not visit commercial transportation establishments: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

9. To mitigate any risk of flight or nonappearance, Mr. Valcourt must not leave Miami-Dade County;

10. Mr. Valcourt's sister, Paola Orville, is required to serve as a third-party custodian to report any violations of the release conditions, or face being in contempt of court;

11. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, or transfer any interest in any real property they own, until the bond is discharged, or otherwise modified by the Court;

12. Mr. Valcourt is required to submit to a $50,000 personal surety bond with 10% deposited into the court registry with a nebbia condition; and

13. Mr. Valcourt is required to submit to a $500,000 personal surety bond with two co-signors, namely Dellison Orville and Paola Orville, Mr. Valcourt's father and sister, respectfully.

ECF No. [51] at 9-10.

The Government contends that there is no reason to believe that Valcourt will cease his reckless and dangerous activity if released. ECF No. [48] at 14, and the conditions imposed are unreasonable in light of the facts in this case. *Id.*

While the Court appreciates that Valcourt's history of nonappearance, and his attempt to obstruct justice are serious dangers. Nevertheless, the combination of conditions imposed by Judge Lett would reasonably assure the safety of any other person and the community, reduce the risk of Valcourt's nonappearance, and mitigate any risk of the obstruction of justice. The Court finds no error in the conditions imposed by Magistrate Judge Lett.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Appeal**, ECF No. [48]**, is **DENIED**.

2. The stay of Valcourt's release is **LIFTED**.

3. Valcourt shall fully comply with all pretrial release conditions established at the hearing before Magistrate Judge Lett on April 17, 2025. *See* ECF Nos. [45], [51].

Case No. 25-cv-20143-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 25, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record